In the Matter of the Estate of MARY PORIANDA, Deceased.

Surrogate's Court, Westchester County, October 18, 1929.

*David Gorfinkel,* for the petitioner.

*Wallace & Wallace [William R. Hogan* of counsel], for the contestant.

SLATER, S. The decedent's bank account in the Yonkers Savings Bank was transferred so as to read: " Mary Porianda or Annie Wrona, joint account, either to draw, survivor to take all." Pursuant to this form of deposit, either could withdraw from the fund, and the money became the property of Annie Wrona upon the death of the decedent. (Banking Law, § 249, subd. 3; *Moskowitz* v. *Marrow,* 251 N. Y. 380.)

Another question is raised because Annie Wrona, during the lifetime of the decedent, withdrew, as she had the right to withdraw, some $3,000 from the account, and made deposits thereof in her own name and in her own name in trust for her four children. Testimony was taken of conversations had with the decedent with regard to the withdrawal of the $3,000. In my judgment, this testimony is immaterial, because of the " joint account " which gives to one or the other the right to withdraw.

The opinion of Judge KELLOGG in *Moskowitz* v. *Marrow (supra)* indicates clearly the right of joint tenants, where deposits are made pursuant to the Banking Law, indicating that the deposit was rrevocable since a vested property right therein existed.

I conclude that the decedent, in originally making the joint deposit, transferred to Annie Wrona a present property interest in the moneys deposited which was never destroyed, giving to Annie Wrona the right to withdraw $3,000, or any sum, and to the withdrawal of the balance deposited in the bank at the death of the decedent. In the instant case, no testimony was offered that would change the form of the deposit at the time it was made, and the deposit must stand as an expression of the true agreement pursuant to section 249 of the Banking Law. The funds in controversy belong to Annie Wrona and not to the estate of the decedent.